Dear Judge Moore:
This office is in receipt of your opinion request in which you ask the following questions regarding the collection of non-sufficient funds (NSF Checks):
 If the business files suit on a non-sufficient funds (NSF) check and the constable is unable to locate the owner of the check because the address is wrong and the phone has been disconnected and it appears that the owner of the check has deliberately tried to commit a fraud, can a Justice of the Peace now write a warrant for R.S. 14:71, issuing a worthless check?
R.S. 14:71 defines the offense of issuing worthless checks and states:
 A. (1)(a) Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation.
 (b) This Section shall apply to a check, draft, or order tendered for satisfaction, in whole or in part, of payments due on installment contracts, open accounts, or any other obligation for which the creditor has authorized periodic payments or the extension of time in which to pay.
 (c) This provision shall apply to a check, draft, or order for the payment of money given for a motor vehicle when such payment is conditioned upon delivery of documents necessary for transfer of a valid title to the purchaser.
 (d) For purposes of this Section, an open account shall include accounts where checks are tendered as payment.
 (i) In advance of receipt, in whole or in part, for telecommunication facilities or services.
 (ii) For deposits, prepayments, or payments for the lease or rent of a rental motor vehicle, pursuant to a lease or rental agreement.
If the owner of the check has met the provisions of the above cited statute, the Justice of the Peace can write a warrant for the violation of R.S. 14:71.
You state in your initial question that the business has already filed a suit for this NSF check. If there is already a suit or criminal prosecution pending in another court, then the Justice of the Peace must defer to that court. If the suit the business has filed is civil, and no criminal action has been taken, it is within the Justice of the Peace's authority to issue a warrant and institute the criminal aspect of this NSF check violation. Please note also Attorney General Opinion Number 91-9A, which is enclosed for your convenience and which states in part:
 So long no warrant is issued, a Justice of the Peace may receive a civil complaint on a worthless check, send his constable out to collect restitution and collect a civil fee under R.S. 13:2590, which fee would be split between the Justice of the Peace and the constable. However, the fee could neither be contingent upon collection of the debt, nor could the amount of the fee be based on the amount owed or the amount collected.
A Justice of the Peace may issue an arrest warrant for an NSF check so long as a criminal proceeding has not been instituted in another court. For civil suits and the doctrine of lis pendens, please see C.C.P. art. 531 532.
The second issue you present is as follows:
 In St. Tammany Parish, our District Attorney's Office is set up to attempt to collect NSF checks. They have the business sign a form giving them permission to collect on the check and after a certain period of time, if they are unable to collect, they will issue a warrant. Does a business have to allow the District Attorney's Office an attempt to collect on the check or can they simply file a warrant with a justice of the peace, after the certified letter has been sent?
LSA-R.S. 13:2586 defines the criminal jurisdiction of justices of the peace and states in part:
 C. (1) They (justices of the peace) shall have criminal jurisdiction as committing magistrates. It shall have the power to bail or discharge in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.
Louisiana Code of Criminal Procedure Article 202 states in part:
 "That a warrant of arrest may be issued by any magistrate."
As magistrate, a justice of the peace has the authority to issue an arrest warrant for an NSF check offense. There is no requirement or limitation on the jurisdiction of the justice of the peace that he defer action to the District Attorney's Office. Thus, the business does not have to allow the District Attorney's Office and attempt to collect on the check. The business may simply file a warrant with the justice of the peace. Please note, R.S. 14:71(A)(2) regarding the notice by certified mail which states as follows:
 (2) The offender's failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.
The third issue is as follows:
 Regarding jurisdiction and venue, if the business is located in a Justice of the Peace's ward, and the check was written in a Justice of the Peace's ward by the defendant who lives outside of a Justice of the Peace ward, does he have jurisdiction to handle the civil suit against the defendant? (For NSF, closed account, or stop payment checks.)
Your civil jurisdiction is conferred by Code of Civil Procedure Article 4911, which states that:
 "The civil jurisdiction of a justice of the peace court is concurrent with the district court in cases where the amount in dispute does not exceed $2,000."
Thus you may hear civil suits regarding these checks offenses if the amount does not exceed $2,000. The general rule of venue is that an action or proceeding against an individual should be brought in the ward in which he lives, in accordance with Code of Civil Procedure Article 42.
Code of Civil Procedure Article 76.1, gives an additional venue or ward in which an action on a bad check may be brought. It states as follows:
 An action on a contract may be brought in the parish (ward) where the contract was executed or the parish (ward) where any work or service was performed or was to be performed under the terms of the contract.
A civil action for the recovery of the money owed as a result of the bad check may be brought in the ward in which the defendant lives or it may be brought in the ward in which the check was given for the goods or services.
If the business is located in your ward, and the check was written to the business in your ward for services or goods rendered in your ward, then jurisdiction is proper in your ward even though the defendant lives outside of the ward.
We hope the foregoing sufficiently addresses your concerns. If you have any additional questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Attachment